

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
08/26/2009

| | | |
|---|---|---|
| IN RE: § | | |
| IFS FINANCIAL CORPORATION, § | | Case No. 02-39553 |
|     Debtor(s). § | | |
| § | | Chapter 7 |
| § | | |
| W. STEVE SMITH, TRUSTEE, § | | |
|     Plaintiff(s) § | | |
| § | | |
| VS. § | | Adversary No. 04-03830 |
| § | | |
| EMILIA SPOHN, *et al*, § | | |
|     Defendant(s). § | | Judge Isgur |

## MEMORANDUM OPINION

### Summary

Alfred Solloa Junco ("Solloa") moves to set aside a default judgment entered against him. Solloa alleges that his failure to respond to the complaint was not willful because the caption and body of the complaint did not clearly identify Solloa as a party from whom Trustee Smith sought relief. Solloa alleges that, based on confusion created by the complaint's unorthodox references to him, his attorney concluded that Solloa was not a party to this adversary. Solloa contends that his attorney communicated this belief to Solloa and that he reasonably relied upon the attorney's representation. The Fifth Circuit has repeatedly stated that a trial on the merits should be favored over a default judgment. In this light, the Fifth Circuit has directed courts to liberally grant motions to set aside default judgments when the defendant produces evidence that his failure to respond was not willful. Based on the evidence presented and the Fifth Circuit's interpretations of Rule 55 and 60 of the Federal Rules of Civil Procedure, the Court grants Solloa's motion to

set aside the default judgment.[1]  The Court grants Solloa a trial on the merits.

## Background

### 1. The Interamericas Companies

The IFS Financial Corporation ("IFS") case is a jointly administered case comprised of approximately 19 related entities (the "Interamericas Companies").[2]  The Interamericas Companies include Interamericas, Ltd., Interamericas Investments, Ltd., Interamericas Holdings, Inc., Interamericas Corporation, Interamericas Financial Holdings, Ltd., Interamericas Financial Holdings Corp., IFS, and other related entities.

The Interamericas Companies received money, primarily from Mexican investors, in exchange for future payments to be made from the operation of Interamericas Companies' various businesses.[3]  Between 1998 and 2002, Interamericas Companies' assets were transferred between various IFS entities and ultimately transferred outside the companies.  Under the jointly administered case, W. Steve Smith, Trustee, has filed over 100 adversary proceedings to recover allegedly avoidable transfers.  Many of the adversary proceedings were filed against individual investors who received withdrawals from their Interamericas Companies accounts after the IFS estate became insolvent.  The allegedly fraudulent transfers received by defendant investors often amounted to a small portion of the total amounts invested (and ultimately lost) with the Interamericas Companies.

---

[1] Rule 7055 of the Federal Rules of Bankruptcy Procedure incorporates Rule 55 of the Federal Rules of Civil Procedure. FED. R. BANKR. P. 7055. Rule 9024 incorporates Rule 60. FED. R. BANKR. P. 9024. For convenience, the Court's Memorandum Opinion refers only to the Federal Rules of Civil Procedure.

[2] An involuntary petition was filed against each of these entities on approximately August 23, 2002.  The Court entered an order on January 3, 2005, jointly administering these cases under a single docket.

[3] The Interamericas Companies' businesses included mortgage, banking, insurance, real estate, custom brokerage and transport forwarding, money exchange, construction/development, and food industries.

**2. The Fraudulent Transfer Adversary**

On October 11, 2004, Trustee Smith filed this adversary proceeding. Trustee Smith seeks the recovery of allegedly fraudulent transfers totaling $1,130,000.00. Trustee Smith alleges that IFS estate paid the amounts from proceeds of the sales of Interamericas Companies entities. Trustee Smith alleges that IFS was insolvent at the time of the transfers and that IFS received no value in return.

The original complaint named only Emilia Spohn as a defendant. Spohn is Alfred Solloa Junco's sister. Trustee Smith alleges that Solloa opened and managed an Interamericas Companies account in his sister's name but for his own personal benefit. On September 28, 2005, Trustee Smith filed a First Amended Complaint that attempted to add Solloa as a defendant. The amended complaint's caption included Solloa's name in parenthesis and the body of the complaint referred to the defendant as Spohn/Solloa. The caption of the adversary proceeding is reproduced below:

Case 04-03830   Document 18   Filed in TXSB on 09/28/2005   Page 1 of 10

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IFS FINANCIAL CORPORATION | § | CASE NO. 02-39553-H1-7 |
| Debtor | § | |
| W. STEVE SMITH, TRUSTEE OF THE ESTATE OF IFS FINANCIAL CORPORATION, ET AL. | § | ADVERSARY NO. 04-3830 |
| Plaintiff | § | |
| VS. | § | |
| EMILIA SPOHN (ALFREDO SOLLOA JUNCO) | § | |
| Defendants | § | |

TRUSTEE'S FIRST AMENDED COMPLAINT AGAINST EMILIA SPOHN
(ALFREDO SOLLOA JUNCO)

Trustee Smith served the amended complaint on Mr. Baron, Solloa's attorney in Mexico. Based upon the amended complaint's confusing caption and references to Spohn throughout the body of the complaint and attached documents, Baron concluded that the amended complaint sought relief only from Spohn. Baron communicated this belief to Solloa and Solloa relied upon his attorney's communication.

On February 11, 2009, Trustee Smith filed a motion for default judgment against Solloa. Trustee Smith alleged that Solloa was properly served on June 24, 2008, and failed to file any responsive pleadings. Solloa did not respond to the motion for default judgment. The Court granted a default judgment on March 5, 2009.

On March 16, 2009, Solloa filed a motion to set aside the default judgment. Solloa contends that his failure to respond to Trustee Smith's complaint should be excused based on the amended complaint's confusing caption and Baron's representations. Solloa also alleges that he was never properly served with Trustee Smith's complaint. On June 9 and 16, 2009, the Court held an evidentiary hearing on Solloa's motion.[4]

For the reasons set forth below, the Court grants Solloa's motion and vacates the default judgment.

## Jurisdiction

This Court has jurisdiction of this matter under 28 U.S.C. § 1334. This is a core matter under 28 U.S.C. § 157(b). Venue is proper in this District pursuant to 28 U.S.C. §1409.

## Rule 55

Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause, and

---

[4] Solloa also filed a motion to dismiss the adversary proceeding based, in part, on an alleged absence of personal jurisdiction. Solloa has since conceded this Court's personal jurisdiction. Among other things, Solloa admits that he resides in California.

4

it may set aside a default judgment under Rule 60(b)." FED. R. CIV. P. 55(c). Rule 60(b) provides that a court may relieve a party of a final judgment for one of six reasons, including "excusable neglect." FED. R. CIV. P. 60(b)(1). When considering relief under Rule 60(b)(1), courts must consider "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Jenkens & Gilchrist v. Groia Co.*, 542 F.3d 114, 119 (5th Cir. 2008) (quoting *Dierschke v. O'Cheskey (In re Dierschke)*, 975 F.2d 181, 183 (5th Cir. 1992)).

Two of the factors can be determinative. The Court can deny a motion to set aside if the movant "fails to present a meritorious defense" or if the court finds that the movant's default was "willful." *Id.* at 120 (quoting *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000)). Courts may also consider other factors "as a means of identifying circumstances which warrant the finding of 'good cause.'" *Id*. Such other factors include: "whether the public interest was implicated, whether there was a significant financial loss to the defendant, and whether the defendant acted expeditiously to correct the default." *Id*.

The Fifth Circuit requires the court to undertake its analysis in light of the general preference for a trial on the merits over default judgments. *Lacy*, 227 F.3d at 292. Default judgments are "'generally disfavored in the law' and thus 'should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement.'" *Id.* (quoting *Mason & Hanger—Silas Mason Co. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984)). "'Where there are no intervening equities any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits.'" *Id*. (quoting *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960)).

The Fifth Circuit has reversed a district court's decision to deny a motion to vacate based

on facts similar to those presented by this adversary. *Jenkens & Gilchrist*, 542 F.3d 114. In *Jenkens*, the plaintiff properly served the defendant. *Id*. at 119. The defendant gave all the legal documents to her attorney without inquiring into their contents. *Id*. The defendant knew about the lawsuit and acknowledged receipt of subsequent notices and orders. *Id*. at 123. However, defendant's attorney reviewed the papers and concluded that the defendant was not properly served because the documents did not include a summons. *Id*. at 119. Based on the attorney's representation, defendant argued that she reasonably believed she had no obligation to respond and this reasonable belief precluded a finding of willful neglect. *Id*. at 123. The Fifth Circuit agreed and held that defendant's failure to respond was not willful, despite the fact that the defendant was properly served and had actual knowledge of the lawsuit. *Id*. at 123–24. The Fifth Circuit noted that the fact that defendant was validly served "is not dispositive of [the defendant's] willfulness." *Id*. at 122. The Fifth Circuit held that, because doubt must be resolved in the defendant's favor, the Court "must assume that neither [defendant] nor her attorney ever saw the summons, and that they were legitimately confused as to their responsive duties under the circumstances." *Id*. at 124.

This adversary proceeding presents similar facts. Solloa was properly served but contends that his failure to respond was due to a mistaken, but, reasonable belief that was, in part, fostered by his Mexican attorney. As discussed below, Solloa produced sufficient evidence to support his contention. Based on the Fifth Circuit's teachings, the Court must assume that Solloa and Mr. Baron were "legitimately confused as to their responsive duties under the circumstances." *Id*. at 124. Failure to respond to a complaint due to legitimate confusion regarding the party's obligation to respond does not constitute willful neglect.

**Analysis**

The Court considers the willful neglect and meritorious defense determinative factors, and then considers whether the balance of the factors favors setting aside the judgment.

**1. Willful Neglect**

Trustee Smith contends that Solloa did in fact have notice of this adversary and voluntarily chose not to respond as a litigation tactic. Trustee Smith contends that Solloa was properly served with the complaint through Solloa's Mexican attorney, Mr. Baron. Trustee Smith contends that the amended complaint adequately named Solloa as a defendant and thereby put Solloa on notice of the adversary. Trustee Smith also contends that Solloa had actual knowledge of the adversary through settlement discussions he had with both Solloa individually and Solloa's United States attorney, Mr. Akard. Because Solloa was adequately served with the amended complaint and Solloa had actual knowledge of the adversary proceeding, Trustee Smith contends that Solloa's failure to respond to the amended complaint constitutes willful neglect.

The Court agrees that Solloa was properly served with the complaint and the service was consistent with Due Process requirements. Baron admitted that he was served with the amended complaint. Solloa granted Baron a general power of attorney that included the power to receive service on behalf of Solloa. The power of attorney document granted Baron:

> [A] general power for lawsuits and collections, with all the general capacities including those special that require special clause in accordance with the law, without any limitation and as widely as permitted by the first paragraph of Article two thousand five hundred and fifty four of the Civil Code for the Federal District and its correlated articles in the Federal Civil Code and the civil codes of the States in the Mexican Republic.

Trustee Smith's expert Witness, Mr. Sanciprian, a Mexican attorney, testified that the power of attorney document granted Baron a general power of attorney that included the power to receive

7

service.  The Court found Mr. Sanciprian's testimony highly credible.  Additionally, Solloa challenged service in various Mexican court proceedings.  The Mexican courts found that service on Solloa through Baron was proper.  The Court respects the findings of the Mexican courts.

The Court also finds that the amended complaint, when read in its entirety, sufficiently gave notice that Trustee Smith sought relief from Solloa.  Trustee Smith's use of a parenthetical in the caption is unusual and confusing.  Nevertheless, Solloa's name is included in the caption (albeit in a parenthetical).  Though portions of the amended complaint refer to "Spohn/Solloa" as the defendant, the amended complaint also refers to Solloa individually.  For example, paragraph 12 states:

> A large amount of money was outright transferred to insiders.  Included as a transferee is Spohn, believed to be in name only, and Solloa, who received $1,130,000.00 by way of an account in the name of Spohn controlled by or for the benefit of Solloa.  The account at Interamericas and the account where these distributions were received were set up, Trustee alleges, in Spohn's name so Solloa could conceal his ownership.

This paragraph explicitly alleges that Solloa received the fraudulent transfer Trustee Smith seeks to recover and Solloa received it through an account used to conceal his receipt.  A reasonable reading of the amended complaint, in its entirety, leads to the conclusion that Trustee Smith seeks recovery from Solloa.

Nevertheless, in a Rule 60(b) analysis, the ultimate question is not whether the defendant was properly served, but whether his failure to defend the lawsuit was willful.  Even if Solloa was adequately served through Baron, the Court can not per se conclude that Solloa's failure to respond was willful. *Jenkens & Gilchrist*, 542 F.3d at 122–23 ("We have recognized that even where a defendant mistakenly concludes that he was not served with process, the defendant's default may not be willful.") (citing *Lacy*, 227 F.3d at 292–93).

8

Though Solloa admits to knowledge of this adversary proceeding, he contends that his failure to respond was not willful because he believed that Trustee Smith only sought relief from his sister. Solloa introduced much evidence suggesting that his failure to respond was not willful. Baron testified that the amended complaint's caption and other documents referring only to Spohn led him to conclude that the complaint only sought relief from Spohn. Baron testified that he notified a U.S. representative of Solloa of the documents, but told the representative that the documents only concerned Spohn. The Court found this portion of Baron's testimony credible.

A thorough reading of the amended complaint would lead a reasonable mind to conclude that Trustee Smith was seeking relief from Solloa. Nevertheless, the Court finds that the caption's use of a parenthetical and the complaint's reference to "Spohn/Solloa" as defendants was sufficiently confusing that one could reasonably conclude that Trustee Smith sought relief only from Spohn. The Court reemphasizes that, in a Rule 60(b)(1) consideration of "willful neglect," the standard is not what an attorney or defendant *should have* done or concluded. The standard assumes that the party did not comport with procedural requirements and only considers whether that failure was sufficiently willful to justify denying relief from a default judgment. *Jenkens & Gilchrist*, 542 F.3d at 123–24.

Solloa testified that, based on Baron's representations, he assumed Trustee Smith only sought relief from his sister. Solloa's actions before Mexican Courts support his testimony. Solloa, through his Mexican attorneys, filed various motions and actions challenging service. The thrust of the motions was consistent with the contention he makes today: that he was not a party to the lawsuit. Solloa brought the challenges on Spohn's behalf rather than his own. He did not contend that he should be dismissed from the lawsuit because he was improperly served.

9

Rather, Solloa argued that the service was improper because he was served, not his sister, and the lawsuit only sought relief from his sister.

Trustee Smith introduced evidence of settlement discussions to contradict Solloa's contention that he believed that Trustee Smith sought relief only from Spohn. Trustee Smith introduced a March 16, 2005 letter addressed to Solloa's U.S. attorney, Mr. Akard, offering to settle this adversary. The letter states that Trustee Smith is seeking to recover the fraudulent transfer from Solloa. However, Trustee Smith introduced no evidence that the letter was actually sent to or received by Akard. Even if Akard received the letter, there is ambiguity as to whether Akard represented Solloa at this time. Solloa denies having any knowledge of the settlement offer. Trustee Smith testified that he discussed settlement personally with Solloa in 2005 or 2006. Solloa admitted that he discussed settlement with Trustee Smith, but contends that the discussions related to other lawsuits. The Court concludes that the evidence relating to settlement discussions is inconclusive.

The Court is faced with evidence suggesting that Solloa's failure to respond was not willful, contradicted to some extent, but not completely. If Solloa bore a high evidentiary burden, the Court's decision would be a difficult one. However, the Fifth Circuit has clarified that, when in doubt, the Court should favor trial on the merits over default judgments. *Jenkens & Gilchrist*, 542 F.3d at 123 ("'any doubt, should, as a general proposition, be resoled in favor of [the defendant] to the end of securing a trial upon the merits'") (quoting *Tel. Corp.*, 277 F.2d at 921). Solloa produced sufficient evidence to raise a strong doubt as to the willfulness factor.

**2. Meritorious Defens*e***

Solloa contends that Trustee Smith's fraudulent transfer adversary is barred by the two-year statute of limitations imposed by § 546. 11 U.S.C. § 546. Trustee's amended complaint

10

adding Solloa was not filed until September of 2005. The IFS bankruptcy petition was filed in 2002. The Court finds that Solloa asserts a potentially meritorious defense.

### 3. Other Factors: Prejudice, Loss, and Expeditious Remedial Measures

Trustee Smith produced no evidence of prejudice other than the cost and delay of trying the adversary on its merits. The Fifth Circuit holds that the burden of trying the lawsuit does not constitute prejudice for the purposes of Rule 60(b). *Jenkens & Gilchrist*, 542 F.3d at 122 (citing *Lacy*, 227 F.3d at 283 for the proposition that "delay, or requiring a plaintiff to prove his case does not constitute prejudice"). Trustee Smith produced no evidence of "loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion" that might be caused by trying the case. *Lacy*, 227 F.3d at 293.

The judgment would impose a significant financial loss on Solloa. The judgment is in the amount of $1,140,500.00. There is no evidence that Solloa's wealth is such that a million dollar judgment would not impose a significant financial burden.

Solloa acted expeditiously after the default judgment was entered. The judgment was entered on March 5, 2009. Ten days later, on March 16, Solloa filed his motion to set aside the judgment. After filing his motion to set aside, Solloa appeared at all hearings and otherwise expeditiously prosecuted his motion.

### 4. Fee Shifting

Solloa's responsive pleading concedes that the Court has the authority to order fee shifting (docket no. 81) and offered to pay reasonable legal costs incurred to obtain the default judgment in order to balance the equities. Though Solloa's conduct was not sufficiently willful to deny relief, the Court finds that his conduct was sufficiently negligent to justify imposing legal costs. Accordingly, the Court orders Solloa to pay the Trustee's reasonable legal costs incurred

in obtaining the default judgment.

### 5. Summary of Factors

The balance of factors favors setting aside the judgment. Solloa acted expeditiously to vacate a judgment that will impose a substantial pecuniary burden on Solloa. Trustee Smith produced no evidence that requiring him to try the case on its merits would impose any exceptional burdens not inherent to trial of a lawsuit. Trustee Smith's burdens incurred for obtaining the default judgment will be mitigated by the fee shifting award. Solloa presented a potentially meritorious defense. There was insufficient evidence of willfulness. Solloa presented evidence supporting his contention that his failure to respond was due to his belief that the complaint sought relief only from his sister. The Fifth Circuit has instructed lower courts to favor trial on the merits over default judgments when in doubt. *Jenkens & Gilchrist*, 542 F.3d at 123.

## Conclusion

For the reasons set forth above, the Court grants Solloa's motion to set aside the default judgment. The Court awards Trustee Smith his reasonable legal costs incurred to obtain the default judgment. A separate order will be issued.

SIGNED **August 26, 2009.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE