


ENTERED
12/10/2009

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| **IFS FINANCIAL CORPORATION,** | § | **Case No. 02-39553** |
| **Debtor(s).** | § | |
| | § | **Chapter 7** |
| | § | |
| **W. STEVE SMITH, TRUSTEE,** | § | |
| **Plaintiff(s)** | § | |
| | § | |
| **VS.** | § | **Adversary No. 04-03830** |
| | § | |
| **EMILIA SPOHN, *et al*,** | § | |
| **Defendant(s).** | § | **Judge Isgur** |

**MEMORANDUM OPINION DENYING MOTION FOR MORE DEFINITE STATEMENT**

For the reasons set forth below, the Court denies the Motion for More Definite Statement filed by Defendant Alfredo Solloa Junco ("Solloa") (docket no. 99).

**Background**

**1. The Interamericas Companies**

The IFS Financial Corporation ("IFS") case is a jointly administered case involving approximately 19 related entities ("Companies"). The Companies include: Interamericas, Ltd.; Interamericas Investments, Ltd.; Interamericas Holdings, Inc.; Interamericas Corp.; Interamericas Financial Holdings, Ltd.; Interamericas Financial Holdings Corp.; IFS, and other related entities.

The Companies received money, primarily from Mexican investors, in exchange for future payments to be made from the Companies' various business operations.[1] Between 1998

[1] The Companies' businesses included mortgage, banking, insurance, real estate, custom brokerage and transport forwarding, money exchange, construction and development, and food industries.

and 2002, the Companies' assets were transferred between various entities before being ultimately transferred outside of the Companies.

Under this jointly administered case, W. Steve Smith, Trustee ("Trustee"), has filed over 100 adversary proceedings to recover alleged voidable transfers. Many of the adversary proceedings were filed against individual investors who received withdrawals from their Companies' accounts after the IFS estate become insolvent. The alleged fraudulent transfers received by defendant-investors often amounted to a small portion of the total amounts invested and ultimately lost with the Companies.

**2. This Adversary Proceeding**

On October 11, 2004, the Trustee filed this adversary proceeding seeking to recover a total of $1,130,000.00 in alleged fraudulent transfers to Defendants Emilia Spohn ("Spohn") and Solloa. Spohn is Solloa's sister. The Trustee asserts fraudulent transfer and civil conspiracy claims. Punitive damages are sought.

The Trustee alleges that the IFS Estate paid the $1,130,000.00 from proceeds of the Companies' sale of certain entities and other assets. The Trustee claims that IFS was insolvent at the time of these transfers and received no value in return.

**3. Procedural History**

On September 28, 2005, the Trustee filed a First Amended Complaint (docket no. 18) to include Solloa as a defendant. Solloa never responded to the First Amended Complaint. As a result, the Court entered a default judgment on March 5, 2009 (docket no. 40).

On March 16, 2009, Solloa filed a Motion to Set Aside the Default Judgment (docket no. 42) as well as a Motion to Dismiss for improper service (docket no. 43). For the reasons stated in the Court's August 26, 2009 Memorandum Opinion (docket no. 89), the Court set aside the

default judgment but found that Solloa was properly served. Solloa filed this Motion for More Definite Statement on September 28, 2009.

**Jurisdiction**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this District pursuant to 28 U.S.C. § 1409.

**Analysis**

**1. Rule 12(e)**

FED. R. CIV. P. 12(e), as incorporated by FED. R. BANKR. P. 7012, states:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is *so vague or ambiguous* that the party cannot reasonably prepare a response.

FED. R. BANKR. P. 7012; FED. R. CIV. P. 12(e) (emphasis supplied). Under Rule 12(e), the test is "whether the complaint is such that a party cannot reasonably be required to frame a responsive pleading." *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959). That is because "[a] motion for a more definite statement . . . attacks the unintelligibility of the complaint, not simply the mere lack of detail . . . ." *Neveau v. City of Fresno*, 392 F. Supp. 2d 1159, 1169 (E.D. Cal. 2005). The "complaint does not contain sufficient information to allow a responsive pleading . . . ." *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999). The responsive party is "unable to determine how to frame a response" and "'cannot respond, even with a simple denial, in good faith, or without prejudice to himself.'" *Neveau*, 392 F. Supp. 2d at 1169 (quoting *Cellars v. Pac. Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1999)).

Conversely, the motion should be denied "where the complaint is specific enough to apprise the defendant of the substance of the claim being asserted." *Id.* (citing *Bureerong v.*

*Uvawas*, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996)). If the complaint conforms to the pleading requirements, the motion should be denied. *See Swierkierwicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement…."); *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 163 (1984) (stating that a motion for more definite statement is proper when a complaint does not "serve the purposes of modern-day notice pleading").

"[I]t is clearly the policy of the [Federal] Rules that Rule 12(e) should not be used to frustrate th[e] policy [of notice pleading] by requiring a plaintiff to amend his complaint which under [the pleading rules] is sufficient to withstand a motion to dismiss." *Mitchell*, 269 F.2d at 132. Rule 12(e) should be constructed in "a manner to not unduly expand pleadings . . . .'" *Bellavance v. Frank Morrow Co.*, 2 F.R.D. 9, 11 (D.R.I. 1941) (quoting *Wis. Alumni Research Found. v. Vitamin Technologists, Inc.*, 1 F.R.D. 8, 9 (S.D. Cal. 1939)). *Accord Neveau*, 392 F. Supp. 2d at 1169 (construing Rule 12(e) liberally so as to be consistent with Rule 8(a)(2)); *United States by Clark v. Ga. Power Co.*, 301 F.Supp. 538, 544 (N.D. Ga. 1969) ("Rule 12(e) is not designed to frustrate the concept of notice pleading."); *Agric. Lands, Inc. v. Panhandle & S.F.R. Co.*, 60 F. Supp. 108, 110 (W.D. Mo. 1945) ("Rule 12 . . . should not be construed to repeal Rule 8."). Such a construction allows "[t]he rules of practice . . . to be understood in their entirety and not as detached and isolated units." *Mitchell v. Brown*, 2 F.R.D. 325, 328 (D. Neb. 1942).

The rules of practice assume that "the parties will familiarize themselves with the claims and ultimate facts through the discovery process." *Neveau*, 392 F. Supp. 2d at 1169. *See also Bowles v. Flotill Prods., Inc.*, 4 F.R.D. 499, 501-02 (N.D. Cal. 1945). *Accord Floe v. Plowden*, 10 F.R.D. 514, 516 (E.D.S.C. 1950). "[A] motion for more definite statement is not to be used to

assist in getting the facts in preparation for trial." *Mitchell*, 269 F.2d at 132. Rather, the rules regulating discovery serve that purpose. *Id.* "'If the detail sought by a motion for more definite statement is obtainable through discovery, the motion should be denied.'" *U.S. v. Sequel Contractors, Inc.*, 402 F. Supp. 2d 1142, 1147 (C.D. Cal. 2005) (quoting *Beery v. Hitachi Home Elecs., Inc.*, 157 F.R.D. 477, 480 (C.D. Cal. 1993)). *Accord Ga. Power Co.*, 301 F.Supp. at 544. As a result, motions for more definite statements are not favored. *Agric. Lands, Inc.*, 60 F. Supp. at 110.

Determining whether a motion for more definite statement should be granted involves the discretion of the Court. *Mitchell*, 269 F.2d at 130 (contrasting the trial court's role in evaluating Rule 12(b) and 12(e) motions). *See also Old Time Enters. v. Int'l Coffee Corp.*, 862 F.2d 1213, 1217 (5th Cir. 1989) (reviewing Rule 12(e) order under an abuse of discretion standard). *Accord Kuenzell v United States*, 20 F.R.D. 96, 98 (N.D. Cal. 1957) (stating that it is within the Court's discretion to determine on a case-by-case basis, whether a motion for more definite statement should be granted). "As [the trial judge] presides over the continuous process of adjudication from commencement of the litigation through pleadings, pretrial discovery, trial, submission and decision," he uses "sound and considered discretion" to grant or deny the motion. *Mitchell*, 269 F.2d at 130.

The Trustee asserts claims for fraudulent transfer and conspiracy to commit fraud. They are each subject to the particularity pleading requirements under Rule 9(b). If the complaint meets the particularity requirements under Rule 9(b), then the complaint is not "so vague or ambiguous" and Solloa can reasonably prepare a response. FED. R. BANKR. P. 7012; FED. R. CIV. P. 12(e).

**2. Rule 9(b)**

Rule 9(b) requires the circumstances constituting fraud to be pled with "particularity." FED. R. CIV. P. 9(b); FED. R. BANKR. P. 7009. Under Rule 9(b)'s particularity requirement, the party asserting the fraud claim must allege "the existence of acts and circumstances sufficient to warrant the pleaded conclusion that fraud ha[s] occurred." *In re Haber Oil Co.*, 12 F.3d 426, 439 (5th Cir. 1994) (citing *Askanase v. Fatjo*, 148 F.R.D. 570, 574 (S.D. Tex. 1993)); *see also Plotkin v. IP Axess Inc., Etc.*, 407 F.3d 690, 696 (5th Cir. 2005) ("[T]he Rule 9(b) standards require specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation why they are fraudulent."). "At a minimum, [Rule 9(b)] requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud." *U.S. ex rel. Williams v. Bell Helicopter Textron Inc.*, 417 F.3d 450, 453 (5th Cir. 2005). The defendant's state of mind, however, may be generally alleged. *See e.g. Collmer v. U.S. Liquids, Inc.*, 268 F. Supp. 2d 718, 723 (S.D. Tex. 2003).

Rule 9(b)'s application is flexible and influenced by the circumstances of the case. *Shushany v. Allwaste, Inc.*, 992 F.2d 517, 521 (5th Cir. 1993). "[T]he focus of a [Rule] 9(b) inquiry should be whether, 'given the nature and facts of the case and the circumstances of the parties, the pleading in question is sufficiently particular to satisfy the purposes of Rule 9(b).'" *Jag Media Holdings Inc. v. A.G. Edwards & Sons Inc.*, 387 F. Supp. 2d 691, 704 (S.D. Tex. 2004) (quoting *Mitchell Energy Corp. v. Martin*, 616 F.Supp. 924, 927 (S.D. Tex. 1985) (citations omitted)). Akin to the purpose behind Rule 12(e), one of Rule 9(b)'s purposes is "'to ensure that the allegations are specific enough to inform a defendant of the act of which the plaintiff complains and to enable him to prepare an effective response and defense.'" *Id.* (quoting *Mitchell Energy Corp.*, 616 F.Supp. at 927).

**a. Fraudulent Transfer Claim**

The majority of the Trustee's allegations deal with background information related to IFS and the events that led to its bankruptcy. The only factual allegations directed at Solloa, or his sister, Spohn, are contained in Paragraph 12 of the First Amended Complaint, which reads:

> A large amount of money was outright[ly] transferred to insiders. Included as a transferee is Spohn, believed to be in name only, and Solloa, who received $1,130,000.00 by way of an account in the name of Spohn controlled by or for the benefit of Solloa. The account at Interamericas and the account where these distributions were received were set up, Trustee alleges, in Spohn's name so Solloa could conceal his ownership.

Trustee's First Amended Complaint Against Emilia Spohn (Alfredo Solloa Junco) at 8 (docket no. 18).

Solloa simply asserts that because only one paragraph of allegations is specific to him, the complaint is insufficient.

The Court disagrees with Solloa's premise. The complaint goes into extensive detail with respect to the overall alleged fraudulent conduct involving insiders. It gives the dates of transfers, the means by which the alleged fraud was committed and detailed allegations regarding the conduct of the insiders and the alleged scheme to denude the corporation.

The complaint classifies Solloa as one of the insiders that participated in the alleged scheme and specifies the amount transferred to Solloa and the range of dates on which the transfers occurred.

Taken as a whole, the allegations adequately meet the requirements under Rule 9(b) and constitute a fraud claim. The Trustee has identified Solloa and his sister, Spohn, as insiders of IFS. Sometime during 2000 to early 2002, they received $1,130,000.00 through an account set up under Spohn's name. The Trustee has alleged that the account was controlled by or for the benefit of Solloa. At the time, IFS was insolvent and received nothing in return. The source of

the payment was from the sale proceeds of certain entities and assets of the Companies. The Trustee has also asserted that the totality of the fraudulent transfers started in the INV and Integra bank accounts, and ultimately ended in the hands of third-parties, including Solloa. All these transfers were cloaked as loans, intended to denude IFS and defraud its creditors. Response to Defendant Algredo Solloa Junco's Motion for More Definite Statement Under FED. R. CIV. P. 12(e) at 5 (docket no. 105). The First Amended Complaint has provided the "who, what, when, where, and how" of the fraudulent transfer claim, and is sufficient under Rule 9(b).

Solloa also argues that the First Amended Complaint has failed to allege: (1) whether the $1,130,000.00 amount was a single transfer or a series of transfers; and (2) whether the payment(s) made were in cash or in another mode. What Solloa asks for are more details, which are obtainable through discovery. Rule 12(e) motions do not serve that purpose. *Mitchell*, 269 F.2d at 132.

The allegations adequately inform Solloa of the acts of which he is accused. The Court finds that Solloa should be able to prepare an adequate response and defense. The Court denies Solloa's Rule 12(e) motion with respect to the fraudulent transfer claim.

**b. Conspiracy Claim**

The Trustee also asserts that Solloa and Spohn conspired with the principals of IFS to denude IFS in fraud of IFS's creditors. As such, the Trustee has asserted a civil conspiracy claim that has a fraud-based element. Under Rule 9(b), the Trustee's civil conspiracy claim must also meet the particularity requirements. *Lone Star Ladies Inc. v. Schlotzsky's Inc.*, 238 F.3d 363, 368-69 (5th Cir. 2001); *In re Am. Intern Refinery*, 402 B.R. 723, 2008 WL 2116411, *5 (Bankr. W.D. La. May 19, 2008); *In re Sharp Intern Corp.*, 302 B.R. 760, 770 (E.D.N.Y. 2003)

("Furthermore, to the extent the underlying breaches of fiduciary duty are based on fraudulent conduct, the complaint must meet the heightened pleading requirements of Rule 9(b) . . . .").

As discussed above, the Trustee has pled sufficient facts to support the fraudulent transfer claim on which the civil conspiracy rests. Additionally, the Trustee alleges that Solloa was a knowing participant in the scheme. Solloa received $1,130,000.00 in funds through an account that was set up in his sister's name, but in the control of or for the benefit of Solloa. These funds were part of a larger scheme to denude IFS. The Court finds that the Trustee's civil conspiracy claim is sufficient under Rule 9(b). Solloa should be able to frame a response. The Court denies Solloa's Rule 12(e) motion as to the civil conspiracy claim.

**Conclusion**

For the reasons set forth above, the Court denies Solloa's Motion for More Definite Statement. The Court will issue a separate order.

SIGNED **December 9, 2009.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE