IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION



ENTERED
11/03/2010

| | | |
|---|---|---|
| IN RE: | § | |
| IFS FINANCIAL CORPORATION, | § | Case No. 02-39553 |
| Debtor(s). | § | |
| | § | Chapter 7 |
| | § | |
| W. STEVE SMITH, TRUSTEE, | § | |
| Plaintiff(s) | § | |
| | § | |
| VS. | § | Adversary No. 04-03830 |
| | § | |
| EMILIA SPOHN, *et al*, | § | |
| Defendant(s). | § | Judge Isgur |

**MEMORANDUM OPINION DENYING MOTION FOR SUMMARY JUDGMENT**

**Background**

The IFS Financial Corporation ("IFS") bankruptcy case is a jointly administered case involving approximately 19 related entities ("Companies"). *In re IFS Financial Corp.*, 2009 WL 4910049, at *1 (Bankr. S.D. Tex. 2009). The case was initiated as an involuntary bankruptcy proceeding and an order for relief was subsequently entered on October 11, 2002. Doc. 4.

"Under this jointly administered case, W. Steve Smith, Trustee ("Trustee"), has filed over 100 adversary proceedings to recover alleged voidable transfers." *IFS Financial Corp.*, 2009 WL 4910049, at *1. "Many of the adversary proceedings were filed against individual investors who received withdrawals from their Companies' accounts after the IFS estate become insolvent." *Id.*

On October 11, 2004, the Trustee filed this adversary proceeding seeking to recover a total of $1,130,000.00 in alleged fraudulent transfers apparently received by Defendant Emilia Spohn. *Id.* On September 28, 2005, the Trustee filed a First Amended Complaint (Doc. 18) to

add Spohn's brother, Alfredo Solloa Junco, as a Defendant.[1]  *Id.*  The First Amended Complaint

asserts causes of action for fraudulent transfers and fraudulent conspiracy.  The Trustee alleges

that Solloa was the true recipient of the alleged fraudulent transfers and that Solloa maintained

the bank accounts at issue in his sister's name.

On September 24, 2010, Solloa filed a Motion for Summary Judgment.  Doc. 143.  Solloa

claims that both actions are barred by § 546, which provides, in relevant part, that actions for

fraudulent transfer and fraudulent conspiracy "may not be commenced after the earlier of . . . 2

years after the entry of the order for relief . . . ."  11 U.S.C. § 546(a).  Solloa claims that

summary judgment should be granted because he was not added as a party until September 28,

2005, well after the October 11, 2004 deadline under § 546.

The Trustee filed his Response to Defendant Alfredo Solloa Junco's Motion for

Summary Judgment on October 22, 2010.  Doc. 144.  The Trustee argues that the claims against

Solloa are not time-barred because (1) they are subject to equitable tolling, and (2) they relate

back to the filing of the original complaint pursuant to Fed. R. Civ. P. 15.  *Id.*

For the reasons set forth below, the Court denies Solloa's Motion for Summary

Judgment.

### Summary Judgment Standard

Summary judgment should be granted "if the pleadings, the discovery, and disclosure

materials on file, and any affidavits show that there is no genuine issue as to any material fact

and that the movant is entitled to judgment as a matter of law."  FED R. CIV. P. 56(c); *Gray Law*

---

[1] For a more detailed procedural history of this case, see *In re IFS Financial Corp.*, 2009 WL 4910049 (Bankr. S.D. Tex. 2009) and *In re IFS Financial Corp.*, 2009 WL 2763572 (Bankr. S.D. Tex. 2009).

*LLP v. Transcon. Ins. Co.*, 560 F.3d 361, 365 (5th Cir. 2009).  Federal Rule of Bankruptcy Procedure 7056 incorporates Rule 56 in adversary proceedings.[2]

A party seeking summary judgment must demonstrate: (i) an absence of evidence to support the non-moving party's claims or (ii) an absence of a genuine issue of material fact. *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006).  A genuine issue of material fact is one that could affect the outcome of the action or allow a reasonable fact finder to find in favor of the non-moving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008) ("A genuine issue of material fact exists if a reasonable jury could enter a verdict for the non-moving party."); *James v. Tex. Collin Cnty.*, 535 F.3d 365, 373 (5th Cir. 2008).  A court views the facts and evidence in the light most favorable to the non-moving party at all times.  *Campo v. Allstate Ins. Co.*, 562 F.3d 751, 754 (5th Cir. 2009); *LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 387 (5th Cir. 2007). Nevertheless, a court is not obligated to search the record for the non-moving party's evidence. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003).  The Court should not weigh the evidence inasmuch as a credibility determination may not be part of the summary judgment analysis.  *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

"The moving party bears the burden of establishing that there are no genuine issues of material fact." *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 412

---

[2] Rule 56 was amended, effective December 1, 2007.  Although most changes were stylistic, the changes to Rule 56(c) were substantive.  Prior to the amendment, Rule 56(c) provided that the Court "shall" grant summary judgment if the relevant criteria were met.  Effective December 1, 2007, the word "shall" was changed to "should". The Committee Notes to the 2007 amendment state that the word "[s]hould" was substituted for "shall" to recognize that, "although there is no discretion to enter summary judgment when there is a genuine issue as to any material fact, there is discretion to deny summary judgment when it appears that there is no genuine issue as to any material fact."  Fed. R. Civ. P. 56 advisory committee's notes (2007).  As one commentator noted, "[E]ven when a motion for summary judgment is properly made and supported, it need not be granted.  Such a motion may be granted— indeed, it should be granted—but it does not have to be granted."  Bradley S. Shannon, *Should Summary Judgment Be Granted?*, 58 Am. U. L. Rev. 85, 95 (2008).

(5th Cir. 2008).  The evidentiary support needed to meet the initial summary judgment burden depends on whether the movant bears the ultimate burden of proof at trial.

If the movant bears the burden of proof on an issue, a successful motion must present evidence that would entitle the movant to judgment at trial.  *Malacara v. Garber*, 353 F.3d 393, 403 (5th Cir. 2003); *Chaplin v. Nationscredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)).  Upon an adequate showing, the burden shifts to the non-moving party to establish a genuine issue of material fact.  *Sossamon*, 560 F.3d at 326; *U.S. v. 92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008).  The non-moving party has a duty to respond with specific evidence demonstrating a disputed fact issue.  *Celotex Corp. v. Cattrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *92,203.00 in United States Currency*, 537 F.3d at 507.  When identifying specific evidence in the record, the non-movant must "articulate the manner in which that evidence supports that party's claim." *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004); *Raga v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

If the movant does not bear the burden of proof, the movant must show the absence of sufficient evidence to support an essential element of the opposing party's claim. *Norwegian Bulk Transp. A/S*, 520 F.3d at 412; *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006). Movants who do not bear the ultimate burden of proof often seek summary judgment after discovery has produced insufficient evidence to support the non-moving party's claims.  Upon an adequate showing of insufficient evidence, the non-movant must respond with sufficient evidence to support the challenged element of its case.  *Celotex*, 477 U.S. at 324.  The non-movant must "go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue" rather than relying on conclusory allegations.  *Adams v. Travelers*

4

*Indem. Co. of Conn.*, 465 F.3d 156, 163–64 (5th Cir. 2006); *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007).  Ultimately, the motion should be granted if the non-moving party cannot produce evidence to support an essential element of its claim.  *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

## Analysis

### 1. Equitable Tolling

"Where, despite the exercise of due diligence, a trustee fails to timely bring an avoidance action due to fraud or extraordinary circumstances beyond the trustee's control, equitable tolling prevents the expiration of § 546(a)'s limitations period."  *IBT Int'l, Inc. v. Northern (In re Int'l Admin. Servs., Inc.)*, 408 F.3d 689, 700 (11th Cir. 2005) (citations omitted).

"Generally, two types of cases give rise to the equitable principles of tolling where the plaintiff cannot timely commence an action because of a defendant's affirmative or negligent conduct."  *Id.* at 701 (citations omitted).  "First, when the fraud goes undiscovered because the defendant has taken positive steps after the commission of the fraud to keep it concealed, then the statute of limitations is tolled until the plaintiff actually discovers the fraud."  *Id.* (citations omitted).  "Fraudulent concealment must consist of affirmative acts or representations which are calculated to, and in fact do, prevent the discovery of the cause of action."  *Id.* (citations omitted).  "The identity of the party concealing the fraud is immaterial, the critical factor is whether any of the parties involved concealed property of the estate."  *Id.* (citations omitted). "The second instance is the more mundane circumstance where the defendant has not actively concealed the fraud, and the plaintiff must then exercise due diligence in an attempt to discover the fraud."  *Id.* (citations omitted).  "The limitations clock starts ticking when the plaintiff obtains—or should have obtained—knowledge of the underlying fraud."  *Id.* (citations omitted).

5

"Again, the inquiry is whether assets of estate have been concealed." *Id.* (citations omitted).
"Because the applicability of equitable tolling is a fact-based decision, the bankruptcy court
determines whether equitable tolling governs on a case-by-case basis." *Id.* at 702 (citations
omitted).

In this case, the Trustee has presented evidence that, at the very least, Solloa may have
precipitated the Trustee's delay.  Specifically, the Trustee has presented evidence that Solloa
precipitated the problem by operating bank accounts under his sister's name.  The Trustee has
also presented evidence that he acted with due diligence in pursuit of the alleged fraudulent
transfers.  Thus, genuine issues of material fact remain and summary judgment is denied.  At
trial, the Court will consider whether § 546 should be equitably tolled under the facts of this
case.

## 2. Fed. R. Civ. P. 15(c)(1)(C)

The Trustee claims that, assuming the action against Solloa is time-barred by the § 546, it
is nevertheless subject to relation back under Fed. R. Civ. P. 15(c).  Rule 15(c) provides, in
relevant part, that an amendment to a pleading relates back to the date of the original pleading
when:

> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction,
> or occurrence set out--or attempted to be set out--in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is
> asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m)
> for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in
>> defending on the merits; and
>>
>> (ii) knew or should have known that the action would have been brought
>> against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(B)-(C).

Solloa claims that Rule 15(c)(1)(C) does not apply to the facts of this case because Rule 15(c)(1)(C) only permits the changing of a party or a party's name and not the addition of a party.  Solloa cites Fifth Circuit case-law in support of his theory:

> [A] legitimate legal claim should not be squelched by a party mistakenly identifying the party to be sued . . . .  The classic example of mistake is misnomer; that is, when a plaintiff misnames or misidentifies a party in its pleadings but correctly serves that party.  In these cases, relation back is appropriate because the defendant is already before the court . . . .  In some cases a legal mistake can lead to misnomer, as when a plaintiff names an institutional defendant because of confusion as to whether an individual or an institutional defendant is the proper party, but the individual is properly served and, therefore, has notice of the mistake.  In contrast, a conscious choice to sue one party and not another does not constitute a mistake and is not a basis for relation back.

*Sanders-Burns v. City of Plano*, 594 F.3d 366, 379 (5th Cir. 2010) (citation omitted).  Solloa focuses specifically upon the Fifth Circuit's statement that "a conscious choice to sue one party and not another does not constitute a mistake and is not a basis for relation back."  *Id.*

Solloa's argument is misplaced.  First, the Trustee has submitted evidence that he did not consciously choose to sue only Spohn.  The evidence indicates that he initially filed this adversary proceeding solely against Spohn because he believed that Spohn was the owner of the bank accounts at issue.  According to the Trustee, once he was able to make the conscious choice to sue Solloa, he immediately amended the complaint in order to do so.  Second, Solloa's theory fails to cite one case standing for the proposition that Rule 15(c)(1)(C) only permits the changing of a party or of a party's name, and not the addition of a party.  And the Court's independent research leads to the conclusion that Solloa's theory is incorrect.  *See* 6a C Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 1498.2 p. 142 (2d ed. 1990 and Supp. 2010) ("Many courts have liberally construed [Rule 15(c)(1)(C)] to find that amendments simply *adding* or dropping parties, as well as amendments that actually substitute defendants, fall within the ambit

7

of the rule . . . .") (emphasis added); *Goodman v. Praxair, Inc.*, 494 F.3d 458, 468-469 (4th Cir. 2007) (concluding that Rule 15(c)(1)(C) permits the addition of a party).

Furthermore, the Trustee has presented evidence (albeit disputed) that his addition of Solloa satisfies all of the factors set forth in Rule 15(c)(1)(C). Thus, Solloa has failed to demonstrate the absence of genuine issues of material fact.

Summary judgment is denied. The Court will consider whether relation back is appropriate at trial.

## Conclusion

For the reasons set forth above, the Court denies Solloa's Motion for Summary Judgment. A separate order consistent with this Memorandum Opinion will be issued.

SIGNED **November 2, 2010.**

_____
Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE